# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **PROCEED IN FORMA PAUPERIS** |
| v. | ) | |
| | ) | |
| Donald Gene Trowbridge, | ) | Case No.: 1:22-cr-00216 |
| | ) | |
| Defendant. | ) | |

On July 21, 2026, Defendant filed what this court construes as a *Motion to Proceed In Forma Pauperis*. (Doc. No. 58). Included in the filing is his application to proceed without prepaying costs or fees, and a certificate of his inmate account and transactions. There are no other documents attached.

Taken liberally, the court construes the instant motion as a response to Defendant's June 23, 2026, letter to the court, and to the Clerk Office's response. (*See* Doc. No. 56). In the June 23, 2026, letter, Defendant requested his sentencing transcript, plea deal, statement of reasons, and change of plea hearing transcript to aid in his efforts to appeal. (*Id.* at 1). In its response, the Clerk's Office informed Defendant as follows:

> Our office received your letter requesting certain documents from Case. No. 1:22-cr-216. We previously sent you a complimentary copy of the docket sheet on June 1, 2026, and a copy of the plea agreement on June 18, 2026.
>
> In the latest correspondence we sent, we advised the change of plea and sentencing hearings in your case have <u>not</u> been transcribed and are <u>not</u> filed in your case. If you would like the transcripts to be produced, you would be required to pay the transcript production costs before they would be provided to you.
>
> Because the statement of reasons is a sealed document, you will need to file a formal motion requesting a copy. The Court does not have a form for this purpose.
>
> We also forwarded your request for an extension of time to the 8th Circuit Court of Appeals.

(Doc. No. 56-1) (emphasis in original). The instant motion followed.

The court first considers the transcript request. The Clerk's Office previously informed Defendant there is no transcript of the change of plea and sentencing hearings and are not filed in the case. If Defendant wants the transcripts he is required to pay the transcript production costs.

"A defendant in a federal criminal case is not automatically entitled to free copies of transcripts for use in an appeal or collateral proceedings." *United States v. Reese*, No. 19-CR-0149 (WMW/KMM), 2022 WL 2375101, at *1 (D. Minn. June 10, 2022). Such a request is governed by 28 U.S.C. § 753.

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title or to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issues presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).[1] In determining whether a defendant has complied with § 753(f), some districts have required the filing of a habeas petition as a prerequisite. This includes the Eighth Circuit. *See Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (collecting cases); *see also United States v. Losing*, 584 F.2d 289, 291 (8th Cir. 1978) ("We think it clear under this statutory language and the Supreme Court's decision in *United States v. MacCollum*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), that any request for a free transcript prior to the filing of a section 2255 complaint is premature.").

---

[1] 28 U.S.C. § 2250 further prescribes that on any application for a writ of habeas corpus an order has been made permitting the petitioner to proceed *in forma pauperis*, the clerk of court shall furnish to the petitioner, without costs, certified copies of documents as required by an order of the judge.

The court must also consider the express terms of § 753(f), which requires a defendant having been granted leave to proceed *in forma pauperis* and for the filing of an appeal or habeas corpus petition prior to this statutory section being implicated. *Reese*, 2022 WL 2375101, at *1. Even after being granted leave to proceed *in forma pauperis* and filing an appeal or habeas corpus petition, an indigent defendant must also show an entitlement to the requested transcripts by showing they are required to decide issues presented within a non-frivolous habeas corpus petition or, if on appeal, that the appeal is not frivolous, but presents a substantial question. *Id.*

This is a situation where Defendant has appealed to the Court of Appeals, but the appeal was denied as untimely. (Doc. No. 57). There has been no habeas corpus petition filed in this court, nor has Defendant provided any information in the instant motion as to the claims he intends to pursue.[2] As to the issue of whether Defendant can proceed *in forma pauperis*, the Federal Rules of Appellate Procedure note,

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court -- before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reason for the certification or finding[.]

Fed. R. App. P. 24(a)(3)(A). At the district court level, Defendant was represented by court-appointed counsel, meaning that he was found financially unable to obtain an adequate defense in his criminal case. Based on such a finding, as dictated in Rule 24, Defendant can proceed on appeal

---

[2] This court is cognizant that Defendant did provide information as to the claims he wishes to pursue in his June 23, 2026, letter, to include ineffective assistance of counsel, and Due Process violations. (Doc. No. 56). However, as previously noted by this court, there is nothing in the instant motion to connect the *in forma pauperis* request to the June 23, 2026, letter, beyond the court's liberal view. Even if the court did construe the letter as factual allegations supporting his transcript request, Defendant would still fail to satisfy the requirements of § 753(f) as conclusory allegations alleging inefficient assistance of counsel are not enough, without more. *See generally Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).

*in forma pauperis* without further authorization, unless the court were to determine such an appeal is not taken in good faith or a defendant is not otherwise entitled to proceed *in forma pauperis.*

Defendant is not currently entitled to proceed *in forma pauperis*. As previously articulated, Defendant has not provided the court with sufficient information to show an entitlement to the requested transcripts, nor has any further appeal or habeas corpus petition been filed. *See United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979) ("[A] prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case.").

Finally, the court notes that there is nothing currently pending in Defendant's criminal docket to warrant granting Defendant's *in forma pauperis* request.

Although the court notes that it appears Defendant is seeking transcripts for the purpose of attacking his conviction, no suit has been filed challenging the conviction. *See e.g., United States v. Lewis*, 605 F.2d 379, 379 (8th Cir, 1979). Because there is nothing currently pending in the court's docket beyond the instant motion, there has been no filing of a habeas corpus petition or further appeal, and Defendant cannot satisfy the requirements of § 753(f), the court does not find he is entitled to proceed *in forma pauperis*, nor is he entitled to have the government pay the fees for his copy of the requested transcripts. Accordingly, Defendant's motion (Doc. No. 58) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court